IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:07-cv-537
(3:04-cr-186)

| | |
|---|---|
| JEFFERY S. EVANS, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court on review of Petitioner's Motion To Vacate, Set Aside, Or Correct Sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 1). Having carefully considered the petition and the entire record of this case, including the underlying criminal case, and it appearing that Petitioner has been released from custody,[1] the Court concludes for the reasons that follow that it no longer has a case or controversy justiciable under § 2255.

"The custody requirement of the habeas corpus statute is designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty." Hensley v. Mun. Court, 411 U.S. 345, 351 (1973). A prisoner meets the custody requirements of habeas corpus if he is incarcerated at the time he files the petition. Carafas v. LaVallee, 391 U.S. 234, 238 (1968); United States v. Bryson, 981 F.2d 720, 726 (4th Cir. 1992). This remains true even if a defendant is released from prison during the pendency of the § 2255 motion. Bryson, 981 F.2d at 726.

---

[1] See Federal Bureau of Prisons, http://www.bop.gov/iloc2/InmateFinderServlet?Transaction=IDSearch&needingMoreList=false&IDType=IRN&IDNumber=20123-058&x=33&y=20 (Jan. 19, 2011).

A petitioner must, however, also show that in spite of his subsequent release, he can still meet "the case or controversy requirement of Article III, § 2, of the Constitution." Spencer v. Kemna, 523 U.S. 1, 7 (1998) (Petitioner failed to show injury-in-fact in challenge to a parole revocation, where Petitioner had been released from prison after filing habeas corpus petition). "Once the convict's sentence has expired ... some concrete and continuing injury other than the now-ended incarceration or parole – some 'collateral consequence' of the conviction – must exist if the suit is to be maintained." Id., at 7 (citations omitted).

As detailed above, Petitioner has been released from confinement, upon which he began a term of supervised release. (Case No. 3:04cr186, Doc. No. 78: Judgment at 3). The instant Motion to Vacate does not challenge the conviction itself, but only the length of Petitioner's sentence of imprisonment, and seeks re-sentencing without the firearm enhancement under USSG §2D1.1(b)(1).[2] (Doc. No. 1: Motion at 14). Thus, no collateral consequence of the conviction is at issue and no case or controversy exists.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion To Vacate (Doc. No. 1) is **DENIED** as moot;

2. Respondent's Motion For Summary Judgment (Doc. No. 10) is **DENIED** as moot; and

3. pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484-85 (2000) (in order to satisfy § 2253(c) when court denies relief on procedural

---

[2] The Fourth Circuit found that the Court did not violate Petitioner's Sixth Amendment rights in applying the enhancement. (Case No. 3:04cr186, Doc. No. 91: Opinion at 2-3).

grounds, a petitioner must demonstrate both that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right).

Signed: January 25, 2011

Robert J. Conrad, Jr.
Chief United States District Judge